# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

| | | |
|---|---|---|
| ALMA BRIGHTLEAF, INC., | * | |
| Plaintiff, | * | |
| vs. | * | CV 511-091 |
| FEDERAL CROP INSURANCE CORPORATION, | * | |
| Defendant. | * | |

## ORDER

Presently before the Court are cross motions for summary judgment. See Dkt. Nos. 14, 19. For the reasons stated below, the Motion for Summary Judgment filed by Defendant Federal Crop Insurance Corporation ("FCIC"), Dkt. No. 14, is **GRANTED**. Plaintiff Alma Brightleaf's Motion for Summary Judgment, Dkt. No. 19, is **DENIED**.

### BACKGROUND

The present administrative law case arises from the denial of Alma Brightleaf's crop insurance claim. Alma Brightleaf is a Georgia Corporation, Julian Rigby is its sole shareholder. Dkt. No. 1, ¶ 1. Alma Brightleaf farmed numerous acres of land in Georgia for tobacco. The land was divided into several units.

1

The two units at issue in the present case are Unit 129, which was comprised of 116.24 acres of tobacco, and Unit 133, which contained 38.08 acres of tobacco.  Both units were insured by Producers Agriculture Insurance ("Insurer"), who had a standard reinsurance agreement with the FCIC.

Around July 28, 2008, a tornado damaged the crops on Units 129 and 133.  According to Rigby, the following day he "tried to call [his] insurance agent, but . . . received no answer."  Dkt. No. 14, Ex. E, ¶ 3.  Rigby states that he traveled to Baxley to report the damage and "was told that [his] claim was noted in writing and that an adjuster would be contacting [him]."  Dkt. No. 14, Ex. E, ¶ 3.  However, there is no evidence confirming that Rigby gave notice to his insurance agent about the tornado damage.

Approximately a month later, inclement weather from Tropical Storm Fay damaged other parts of Alma Brightleaf's tobacco crops but not Units 129 and 133.  Dkt. No. 14, Ex. E, ¶ 3.  Rigby promptly reported the damage resulting from the tropical storm and gave a written notice of loss to his Insurer.  Dkt. No. 14, Ex. H.  Shortly thereafter, between September 3 and September 5, an insurance adjuster along with representatives from the Risk Management Agency inspected Alma Brightleaf's cropland.  Dkt. No. 14, Ex. I.

Alma Brightleaf sought insurance coverage for damage caused by both the tornado and the tropical storm. Issues concerning Alma Brightleaf's coverage wound their way through the available administrative procedures. Various issues were discussed in the administrative proceedings, but only one issue is still disputed—whether Alma Brightleaf provided adequate notice regarding the tornado damage to Units 129 and 133. After four prior decisions on the issue of coverage, the Deputy Director, M. Terry Johnson, issued a Director Review Determination dated September 8, 2010. Dkt. No. 14, Ex. A.

Regarding the issue of notice, the Deputy Director "agree[d] with the Hearing Officer that [Alma Brightleaf] did not provide timely notice of the [tornado] loss." Dkt. No. 14, Ex. A. The Deputy Director rejected Alma Brightleaf's assertion that "at the pre-hearing the [Risk Management Agency] stated that it found a document generated by Insurer showing that Owner reported the loss in person the day after the tornado." Dkt. No. 14, Ex. A. As Alma Brightleaf had conceded, no such document was in the claims record. Dkt. No. 14, Ex. A. Based on the Deputy Director's "careful review of the pre-hearing audio," the Deputy Director concluded that the Risk Management Agency had made no such statement indicating this document's existence. Dkt. No. 14, Ex. A.

Also, the Deputy Director did not credit Rigby's statements in his affidavit that he had called his insurance agency on either July 27 or July 28 and had been told at his Insurer's office that his "claim was noted in writing and an adjuster would be contacting [him]." Dkt. No. 14, Ex. A. The Deputy Director noted that there "is no evidence in the [Claims Record] to corroborate [Rigby's] assertions." Dkt. No. 14, Ex. A. As a result, the Deputy Director concluded that Alma Brightleaf had not complied with the requirement that it give notice within 72 hours of the initial discovery of damage. Dkt. No. 14, Ex. A.

The Deputy Director also rejected Alma Brightleaf's argument that Alma Brightleaf had complied with the requirement that the loss be confirmed in writing within fifteen days if the notice within 72 hours was provided orally. Dkt. No. 14, Ex. A. Alma Brightleaf had argued that the Adjuster's Report dated September 22, 2008 constituted written confirmation of the loss. Dkt. No. 14, Ex. A. In this document the adjuster stated he had given Alma Brightleaf verbal consent to destroy the tobacco stalks. The Deputy Director concluded that the report could not be construed as written confirmation of the tornado loss to Units 129 and 133 because it: (1) "provide[d] no information about the cause of loss or the damage," (2) "d[id] not reference a tornado as a cause of loss, the date of the tornado,

or the type of damage," and (3) lacked a "specific reference" to Units 129 or 133.  Dkt. No. 14, Ex. A.

The Director Review Determination constituted final agency action on the part of the Department of Agriculture.  Dkt. No. 1., ¶ 7.  Alma Brightleaf filed the present suit challenging the Director Review Determination's decision.  Dkt. No. 1.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 56(a), summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  The court must view the evidence and draw all inferences in the light most favorable to the nonmovant.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 157-59 (1970).  The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986).  To discharge this burden, the movant must show the court that there is an absence of evidence to support the nonmoving party's case.  Id. at 325.  The burden then shifts to the nonmovant to go beyond the pleadings and present affirmative evidence to show that a genuine issue of fact does exist.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

When, as here, the parties have filed cross-motions for summary judgment, the applicable Rule 56 standard is not

5

affected. See Gerling Global Reinsurance Corp. of Am. v. Gallagher, 267 F.3d 1228, 1233 (11th Cir. 2001). "[T]he facts are viewed in the light most favorable to the non-moving party on each motion." Charvez v. Mercantil Commerce Bank, N.A., 701 F.3d 896, 899 (11th Cir. 2012).

## DISCUSSION

Both parties agree that, pursuant to the Administrative Procedure Act ("APA"), the Director Review Determination should be reviewed for whether the decision was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." See Dkt. Nos. 14, 19; 5 U.S.C. § 706(a). Under an arbitrary and capricious standard, the reviewing court has "very limited discretion to reverse an agency decision." United States v. Dean, 604 F.3d 1275, 1278 (11th Cir. 2010) (citations omitted). The standard is "exceedingly deferential." Fund for Animals, Inc. v. Rice, 85 F.3d 535, 541 (11th Cir. 1996). "The court's role is to ensure that the agency came to a rational conclusion, not to conduct its own investigation and substitute its own judgment for the administrative agency's decision." Sierra Club v. Van Antwerp, 526 F.3d 1353, 1360 (11th Cir. 2008) (citations omitted).

The Director Review Determination in this case easily survives such deferential review; the decision was well-supported and well-reasoned. As discussed above, the only

6

aspect of the Director Review Decision that Alma Brightleaf challenges is the determination that Alma Brightleaf did not comply with the notice requirements. See Dkt. No. 18 (Alma Brightleaf stating that "[t]he Defendant's assertion that the Director should be upheld for finding no Tropical Storm damage to Units 129 and 129 is correct but irrelevant.").

The notice requirements at issue are found in the applicable regulations. Those regulations state that:

> [f]or a planted crop, when there is damage or loss to production, [the insured] must give . . . notice, by unit, within 72 hours of [the insured's] initial discovery of damage or loss of production (but not later than 15 days after the end of the insurance period, even if you have not harvested the crop).

7 C.F.R. § 457.9(b)(14)(a)(2).

Additionally, notices that are required within 72 hours of an event, like the notice of damage to a planted crop discussed above, "may be made by telephone or in person to a [crop insurance agent] but must be confirmed in writing with 15 days." 7 C.F.R. § 457.8(b)(14)(g). In sum, if the notice within 72 hours is oral, there must be written confirmation of that oral notice within 15 days.

The Director Review Determination concluded that Alma Brightleaf failed to satisfy the notice requirements in two ways. The Insurer was not provided notice within 72 hours, and there was no written confirmation of loss within fifteen days.

7

The Deputy Director's conclusion that Alma Brightleaf failed to provide notice within 72 hours of discovering the tornado damage was not arbitrary and capricious. While Rigby maintained in his affidavit that he had contacted his Insurer immediately following the tornado and had been told that his claim "was noted in writing," there was no mention of this contact in the claims record. Dkt. No. 14, Ex. A.

Furthermore, the Deputy Director rejected Alma Brightleaf's assertion that the Risk Management Agency stated at the pre-hearing that "it found a document generated by Insurer" evidencing Rigby's statement that he gave notice the day after the tornado occurred. The Deputy Director's decision on this point was based on the following. First, as Alma Brightleaf, conceded, there was no such document in the claims record. Second, the Deputy Director did not hear the Risk Management Agency make such a statement in the Deputy Director's "careful review of the pre-hearing audio." Dkt. No. 14, Ex. A.

The Deputy Director rejected both of Alma Brighleaf's arguments on the 72 hour notice issue because these arguments were not corroborated by the record. The Deputy Director's conclusions on this issue were well-supported and well-reasoned.

Failing to comply with the 72 hour requirement would be, on its own, enough to deny Alma Brightleaf coverage for the tornado damage to Units 129 and 133. However, the Deputy Director found

8

that Alma Brightleaf failed to comply with the notice requirements in another way—by not providing written confirmation of the loss with 15 days. Dkt. No. 14, Ex. A.

Alma Brightleaf argued that the insurance adjuster's September 22, 2008 report constituted written confirmation of the loss. Dkt. No. 14, Ex. A; Dkt. No. 18, Ex. I (copy of the insurance adjuster's report). The Deputy Director rejected this argument. The report merely conveyed that the adjuster had given verbal consent to Alma Brightleaf that it could destroy the crops because it was no longer necessary to preserve the tobacco plants for documentation purposes. The Director Review Determination provides three reasons why the report was not written confirmation of the loss. First, the report "provide[d] no information about the cause of loss or the damage." Dkt. No. 14, Ex. A. Second, "[t]he report [did] not reference a tornado as a cause of loss, the date of the tornado, or the type of damage." Dkt. No. 14, Ex. A. Thirdly, the report could not be written confirmation of the tornado damage to Units 129 and 133 because the report did not "reference any particular units in the report." Dkt. No. 14, Ex. A. Thus, it was impossible to determine from the report whether the verbal consent was for the units damaged by the August tropical storm or the units damaged by the earlier tornado. The Deputy Director's decision on this point is logical and supported by the documentary evidence. See

9

Dkt. No. 18, Ex. 1. The decision is neither arbitrary nor capricious. The Director Review Determination, therefore, must be affirmed.

## CONCLUSION

For the reasons stated above, the Motion for Summary Judgment filed by Defendant Federal Crop Insurance Corporation ("FCIC"), Dkt. No. 14, is **GRANTED**. Plaintiff Alma Brightleaf's Motion for Summary Judgment, Dkt. No. 19, is **DENIED**. The Clerk is ordered to enter appropriate judgment.

**SO ORDERED**, this 19th day of March, 2013.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA